NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3593
_____

MICHAEL BARTH; MAUREEN BARTH,
INDIVIDUALLY AND AS HUSBAND AND WIFE,
                                                    Appellants

v.

WALT DISNEY PARKS AND RESORTS U.S., INC.;
THE WALT DISNEY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-16-cv-02140)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2017

Before: CHAGARES, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed: September 8, 2017)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Michael and Maureen Barth appeal an order of the District Court dismissing their complaint against Walt Disney Parks and Resorts U.S., Inc. and The Walt Disney Company for lack of personal jurisdiction. We will affirm.

I

Michael Barth alleged that he was bitten by a copperhead snake at the Walt Disney World Resort in Florida. He and his wife Maureen sued in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging negligence. After removing the case to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1441 and 1446, Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The District Court granted the motion and the Barths appealed.

II[1]

The Barths claim that Defendants are amenable to general personal jurisdiction in Pennsylvania. To establish that type of personal jurisdiction, a plaintiff must show that the defendant's connections to the forum state are "so 'continuous and systematic' as to

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. Our jurisdiction lies under 28 U.S.C. § 1291. We review the District Court's findings of fact for clear error and its determination that it lacks personal jurisdiction de novo. *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). The Barths bear the burden to "prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citation and alteration omitted).

render [the corporation] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). A corporation is "at home" in the State of its "place of incorporation and principal place of business." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Also, in "exceptional case[s], . . . a corporation's operations in a [different] forum . . . may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19 (citation omitted).

The District Court was right to hold that the Barths failed to establish that either Defendant was at home in Pennsylvania. Walt Disney Parks and Resorts, Inc. is a Florida corporation with its principal place of business in Florida. The Walt Disney Company is a Delaware corporation with its principal place of business in California. Because neither Defendant was incorporated or had its principal place of business in Pennsylvania, the Barths were unable to establish either of the paradigmatic bases for personal jurisdiction under *Goodyear* and *Daimler AG*. Nor did the Barths establish that this was an "exceptional" case such that the place of incorporation/principal place of business rule should be disregarded. The Barths argued that companies affiliated with Defendants did substantial business in the Commonwealth of Pennsylvania, but those facts were unavailing to the Barths because those contacts could not be imputed to Defendants. Accordingly, the District Court lacked personal jurisdiction over Defendants, and, based on this record, we agree with the District Court that jurisdictional discovery would have been futile.

3

\* \* \*

For the reasons stated, we will affirm the order of the District Court.